FILED
MAR 3 1 2008

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| ELMER L. WEST, | * | CIV 06-4193 |
| Plaintiff, | * | |
| -vs- | * | MEMORANDUM OPINION AND ORDER |
| J.D. WHITEHEAD, WARDEN of F.P.C. Yankton; OFFICER KYLE ROBERSON; LIEUTENANT THERESA GRAY; CORRECTIONAL OFFICER ANN JACOBS; NATIONAL INMATE APPEAL ADMINISTRATOR HARRELL WATTS; REGIONAL DIRECTOR, MICHAEL K. NALLEY; WARDEN CAROL HOLINKA; WARDEN J.C. ZUERCHER; SUPERVISORY SPECIALIST TAMI GIRARD; and BARB HANSEN, LEGAL INSTRUMENTS EXAMINER, | * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Plaintiff, Elmer L. West, submitted to the Clerk for filing an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against the Defendants, the Warden and officers at the Federal Prison Camp at Yankton, South Dakota. After Mr. West failed to send prisoner trust account forms, this Court issued an Order on May 18, 2007, dismissing Mr. West's action without prejudice. Doc. 7. Mr. West then submitted the requested documents, and the Court vacated its Order of Dismissal, and also later granted Mr. West's motion to amend/supplement his original petition. Doc. 20. Mr. West then named several additional defendants.

Mr. West filed a motion for an order returning him to the Yankton Detention Center. Doc. 5. The Court has previously denied the same motion made by Mr. West in Elmer L. West v. J.D. Whitehead, CIV. 06-4163, 06-4164, and again denies this motion. Mr. West also filed a motion to freeze the financial assets of the defendants in this case. Doc. 24. That motion is also denied.

The Defendants have moved the Court for dismissal of the above-entitled action with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, and also as to some Defendants pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, and pursuant to Rule 12(b)(2) for lack of personal jurisdiction. The Defendants have also claimed they are entitled to qualified immunity. The motion and supporting memorandum were served on Mr. West at his last known address. Doc. 31 and 32. Although three months have passed since the motion to dismiss and supporting memorandum were served on Mr. West, Mr. West has not submitted a response to the motion to dismiss.

Motions to Dismiss

Dismissal is proper under FED.R.CIV.P. 12(b)(6) where a plaintiff's complaint fails to state a claim upon which relief can be granted.. At this stage of the litigation, the court accepts as true all of the factual allegations contained in the complaint, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A district court has the authority, however, to consider matters outside the pleadings on a motion challenging subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Deuser v. Vecera*, 139 F.3d 1190 (8th Cir. 1998); *Drevlow v. Lutheran Church, Mo. Synod*, 991 F.2d 468, 470 (8th Cir.1993). The election to consider these outside matters does not necessarily convert the 12(b)(1) motion to dismiss into a motion for summary judgment. *See Osborn v. United States*, 918 F.2d 724, 729 (8th Cir.1990).

Plaintiff's Biven Claims and Qualified Immunity

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court held that a violation of a person's Fourth Amendment rights by federal officers, acting under color of federal law, gives rise to a federal cause of action for damages for the unconstitutional conduct. Since the *Bivens* case was announced and subject to certain exceptions, victims of a violation of the Federal Constitution by a federal officer have a right to recover damages against the officer in federal court despite the absence of any statute conferring such a right. *Bivens* allows for a cause of action for damages against federal officials, but not federal agencies, for certain constitutional violations. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72, (2001).

Qualified immunity extends to *Bivens* actions. *See Butz v. Economou*, 438 U.S. 478,

2

507(1978). In determining whether qualified immunity applies, this Court must first determine whether the allegations amount to a constitutional violation, and then, whether that right was clearly established at the time of the conduct in issue. If the allegations and undisputed facts do not amount to a constitutional violation, there is no need for further inquiries concerning qualified immunity. *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807 (8th Cir. 2008); *Hayek v. City of St. Paul*, 488 F.3d 1049, 1054 (8th Cir.2007). For the reasons discussed below, this Court finds find that Mr. West has not established any constitutional or statutory violation and that the Defendants are entitled to qualified immunity and dismissal of the action against them.

Plaintiff's Claims for Wrongful Incarceration

Mr West, while he was an inmate at the Federal Prison Camp in Yankton, South Dakota, petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2241. The Court, on its own motion, ordered West's and other prisoners' cases which involved the same issue consolidated with all filings in any of the cases to be made in Civil No. 06-4163. The common issue in the prisoners' cases was whether the refusal to allow inmates to be eligible for halfway house placement beyond 180 days in the absence of "extraordinary justification" is contrary to the rulings in *Fults v. Sanders*, 442 F.3d 1088 (8th Cir. 2006), and *Elwood v. Jeter*, 386 F.3d 842 (8th Cir.2004). A memorandum opinion and judgment was filed in the consolidated case in which this Court concluded that the Bureau of Prisons had not acted contrary to law in restricting halfway house placements beyond 180 days to those cases demonstrating extraordinary justification. The consolidated case is now on appeal to the Eighth Circuit Court of Appeals.

In addition to the common issue presented in the consolidated case, West's individual supplemental petition in Civil No. 06-4164 raised the issue of whether the Bureau of Prisons (BOP) miscalculated his release date by not giving him enough credit for the time he was incarcerated prior to the entry of his judgment and sentence. West requested as relief an additional 497 days of credit on his sentence. In a Memorandum Opinion and Order dated April 19, 2007, this Court denied Mr. West relief under 28 U.S.C. § 2241. Although Mr. West appealed from this Memorandum Opinion and Order, he subsequently moved to dismiss his appeal and on October 25, 2007, The Eighth Circuit Court of Appeals dismissed the appeal.

In his amended *Bivens* complaint Mr. West continues to maintain that the BOP

3

miscalculated his release date by not giving him enough credit for the time he was incarcerated prior to the entry of his judgment and sentence. That issue has been decided against Mr. West and Mr. West is collaterally estopped from again raising this issue as a basis for relief in a *Bivens* action. The allegations and undisputed facts establish no constitutional violation and the defendants are entitled to qualified immunity and dismissal of this claim.

Plaintiff's claims that he was denied access to the court by BOP officials

Mr. West claims that his legal paperwork, namely, his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 was confiscated by Officer Roberson and that the confiscation was tolerated by Warden Whitehead. In response to Mr. West's request to staff response, Warden Whitehead in a response attached to Mr. West's complaint replied:

> The Law Library is open daily for your legal research. In addition to this resource, current addresses for courts, judges, and judicial districts may be requested from you unit team or Inmate Systems Management during open house hours. Addresses are retrieved from the internet and are as current as the website. A publication would be outdated upon its arrival.
>
> Lastly, there is no evidence to support your claim of harassment. All staff have been trained to conduct themselves in a professional manner.

There is no dispute that Mr. West was allowed to file his habeas corpus action with this Court. Insofar as a right of access to the courts claim is concerned, meaningful access to the courts is the touchstone, and an inmate is required to demonstrate that he was hindered in his efforts to pursue a legal claim. See *Lewis v. Casey*, 518 U.S. 343 (1996). The allegations and undisputed facts establish no constitutional violation with regard to the access to the courts claim and the defendants are entitled to qualified immunity and dismissal of this claim also.

Plaintiff's claim that he was retaliated against for providing legal assistance to other inmates

West has alleged that Warden Whitehead, Lieutenant Gray, and Officers Roberson and Jacobs retaliated against him for assisting other inmates with their legal work. Specifically, Mr. West alleges that Officer Jacobs is alleged for reasons of retaliation to have participated in a disciplinary matter involving West's possession of contraband (batteries) in a bathroom, where West claimed he was using the batteries to help another inmate light a cigarette. Mr. West has again failed to demonstrate a constitutional violation since an inmate does not have a right to practice jailhouse law.

4

*See Williams v. Nix*, 1 F.3d 712, 716 (8th Cir. 1993). For this reason, Defendants are also entitled to dismissal of this cause of action.

Defendants have raised other grounds for dismissal of this action, but it is not necessary for the Court to address these arguments as the preceding discussion demonstrates that the motion to dismiss should be granted on the grounds discussed herein. Accordingly,

IT IS ORDERED:

(1) that the motion for an order returning Plaintiff to the Yankton Detention Center (Doc. 5) is denied;

(2) that the motion for an order to freeze the financial assets of the defendants (Doc. 24) is denied; and

(3) that Defendants' motion for dismissal (Doc. 31) is granted.

Dated this 30th day of March, 2008.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)    DEPUTY

5